IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DIANE HAGAN, | ) |
| Plaintiff, | ) |
| v. | ) 06-3077 |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge.

The Court now considers Defendant Metropolitan Life Insurance Company's Motion for Summary Judgment.

### FACTS

Plaintiff Diane Hagan's husband, Lynn Hagan, worked for Citizens Communications Company and its predecessor Frontier (collectively referred to as "Citizens") from April 15, 1974, to November 5, 2004. Mr. Hagan's last day of active work was February 28, 2002. Citizens terminated Mr. Hagan's employment and stopped paying his group life

1

insurance premiums on November 5, 2004. Under the Plan, which is an employee welfare benefit plan regulated by the Employee Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), Mr. Hagan's group life coverage was discontinued on the same date because his employment terminated. MetLife is the claim administrator of the Plan.

Before Mr. Hagan's termination, he was a participant in the Plan and had $44,000 in group life coverage under it. The Plan's Summary Plan Description ("SPD") provided that:

> **WHEN BENEFITS END**
> **A.** All of your benefits will end on the date your employment ends. Your employment ends when you cease Active Work as an Employee. However, for the purpose of benefits, the Employer may deem your employment to continue for certain absences. See CONDITIONS UNDER WHICH YOUR ACTIVE WORK IS DEEMED TO CONTINUE.

The "Conditions Under Which Your Active Work is Deemed to Continue" section of the SPD stated that if a participant is not actively at work because of "sickness or injury," Active Work under the SPD continues for "the period determined in accordance with the Employer's general practice for an Employee in [the participant's] job class . . . and

2

benefits will end on . . . the end of the last period for which the Employer has paid premiums to [MetLife] for [the participant's] benefits."

The SPD also provided a right to obtain personal life insurance. That provision stated:

> We will issue a personal policy of life insurance without disability or accidental death benefits to you if you apply for it in writing during the Application Period. The Application Period is the 31-day period after:
> **1.** the date your Life Benefits end because your employment ends or because you are no longer in a class which remains eligible for Life Benefits[.]

The SPD did not require MetLife to provide Mr. Hagan or his successors with an additional notice of the right to convert group life coverage into an individual policy.  However, on November 18, 2004, MetLife sent Mr. Hagan a letter to the address listed in its files informing him that his group life coverage was discontinued on November 5, 2004. The letter explained that Mr. Hagan was entitled to apply for an individual policy issued by MetLife if he applied for it and paid the premiums.

On December 11, 2004, Mr. Hagan passed away.  On April 4,

3

2005, Plaintiff filed a claim for life insurance benefits under the Plan. MetLife denied the claim on May 13, 2005, informing Plaintiff that "[s]ince Mr. Hagan did not apply for a personal policy within the 31-day[] application period, under the[] terms of the Plan we are at this time denying your claim." MetLife also told Plaintiff that she had a right to appeal this decision within sixty days.

Plaintiff appealed MetLife's decision on July 6, 2005. MetLife denied Plaintiff's appeal on October 31, 2005. Plaintiff sued MetLife on March 6, 2006. MetLife has moved for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the evidence presents no genuine issue of material fact, so the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## ANALYSIS

Where a plan administrator or fiduciary has discretionary authority to determine eligibility for benefits, the Court reviews the decision to deny benefits under the arbitrary and capricious standard. *Hackett v. Xerox Corp. Long-Term Disability Income Plan,* 315 F.3d 771, 773 (7th Cir.2003). Under that standard, determinations will be overturned only when they are "unreasonable, and not [when] merely incorrect." *Herzberger v. Standard Ins. Co.,* 205 F.3d 327, 329 (7th Cir. 2000); *see also James v. General Motors Corp.,* 230 F.3d 315, 317 (7th Cir. 2000) (stating a benefit determination will only be found arbitrary and capricious when "downright unreasonable").

The Plan at issue here states that "the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." This language clearly grants the Plan discretionary authority. *Herzberger*, 205 F.3d at 331. Accordingly, the Court reviews the Plan's decision to deny benefits for an abuse of discretion.

The Plan specified that Mr. Hagan was eligible to convert his group life coverage into an individual policy. Under the terms of the Plan, Mr. Hagan had 31 days from the date of his November 5, 2004, termination to convert his coverage. Thus, Mr. Hagan had until December 6, 2004, to convert his conversion option.

Mr. Hagan passed away on December 11 and did not apply for an individual policy by the December 6 deadline. Plaintiff alleges that Mr. Hagan's failure to timely convert the policy does not bar recovery because the Illinois Insurance Code deemed him automatically covered under the group policy. *See* 215 ILCS 5/231.1 (when an individual covered by a group policy is terminated, he has a right to buy an individual policy; if he is given notice of that right less than 15 days before the end of the 31 day conversion period he has until the earlier of 15 days after receiving notice or 60 days of termination of employment to apply for individual insurance); *see also* 215 ILCS 231.1(L) (a covered individual who dies during the aforementioned period is automatically covered under the group policy).

ERISA, however, supersedes all state laws insofar as they relate to any employee benefit plan. *See* 29 U.S.C. § 1144(a). State laws "relate to" an employee benefit plan if they have "a connection with or reference to such a plan." *See Mays v. UNUM Life Ins. Co. of America*, 1995 WL 317102, at *2 (N.D.Ill. 1995). The Illinois Insurance Code's extension of deadlines and coverage "relates to" the Plan by expanding Plan participants' rights irrespective of the Plan's benefits and terms. This interferes with MetLife's duty to administer the Plan. Thus, ERISA preempts 215 ILCS 5/231.1.

Even if ERISA did not prevent Plaintiff from using Illinois law to establish coverage, her claim would fail because the evidence shows that MetLife provided Mr. Hagan with the requisite conversion information. MetLife sent a conversion letter to Mr. Hagan at his address on November 18, 2004, and the law presumes delivery of that letter. *See McPartin v. Commissioner of Internal Revenue*, 653 F.2d 1185, 1191 (7th Cir. 1981). Moreover, the evidence shows that the SPD MetLife provided Mr. Hagan contained the necessary conversion information.

So, Mr. Hagan had the necessary notice one way or another.

For all these reasons, the Court concludes that MetLife did not act arbitrarily or capriciously when it denied Plaintiff's claim for life insurance benefits. As there are no genuine issues of material fact, and MetLife is entitled to judgment as a matter of law, summary judgment is appropriate.

**ERGO**, Plaintiff Metropolitan Life Insurance Company's Motion for Summary Judgment (d/e 15) is ALLOWED. All pending motions are DENIED AS MOOT. This case is CLOSED.

IT IS SO ORDERED.

ENTER: May 22, 2007

FOR THE COURT:

                s/ Richard Mills
                United States District Judge